JOURNAL ENTRY AND OPINION
{¶ 1} Frederick Hawkins, defendant-appellant, filed, pro se, a notice of appeal on October 12, 2004, stating that he is appealing the September 14, 2004 judgment of the trial court denying his pro se motion to dismiss for lack of speedy trial.[1] Appellant failed to attach to his notice of appeal a copy of the signed September 14, 2004 journal entry, as required by Loc.R. 3(B)(1).
 {¶ 2} Subsequently, on December 12, 2004, the trial court assigned appellant counsel, who on December 22, 2004, filed a praecipe and docketing statement. The docketing statement indicated that appellant is appealing his sentence, the entry of which was filed in the trial court on January 15, 2004. In his brief, filed by assigned counsel, appellant contends that the trial court erred by failing to vacate his plea, to hold a competency hearing and allegedly failing to follow the sentencing guidelines in sentencing him. Appellant also contends that he was deprived of effective assistance of trial counsel. Assigned counsel did not supplement the record with either the change of plea or sentencing journal entries.
 {¶ 3} The issues for which appellant now seeks our review were not timely appealed within the 30-day time period set forth by App.R. 4(A), and appellant has failed to seek leave of this court to file a delayed appeal pursuant to App.R. 5(A). Further, appellant has not complied with the requirement of attaching the signed journal entry from which he appeals as set forth in Loc.R. 3(B)(1).
 {¶ 4} Accordingly, we dismiss this appeal on timeliness and jurisdictional grounds.
Appeal dismissed.
This appeal is dismissed.
It is, therefore, ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J. and Rocco, J., Concur.
[1] Appellant filed his motion to dismiss after he pled guilty in this case and, thus, the trial court denied it as moot.